### THE BAY CITY BANK v. ARCHIBALD G. LINDSAY, SURVIVOR, ETC.

*Banks and banking—Payment of draft for another—Privity of contract.*

Where the only authority given to a bank to pay a draft is the oral agreement of the drawer made with the acceptors that he will take care of a sight draft drawn by them on him in favor of the bank for the amount of the first draft, there is no such. privity of contract between the drawer and the bank as will entitle the bank to recover the money paid on the first draft. under a count for money paid for the use of the drawer.

Error to Wayne. (Hosmer, J.) Submitted on briefs. November 18, 1892. Decided December 22, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts: are stated in the opinion.

*McDonell & Hall (Cowles & Jerome,* of counsel), for appellant.

*DeForest Paine,* for defendant.

MONTGOMERY, J. The plaintiff declared on the common counts, and furnished a bill of particulars which limited its demand to a claim for $2,000 paid E. J. Vance & Co. on December 15, 1890, for the firm of Lindsay &

Gamble, and at their request, to take up the draft here-
inafter referred to.    The other item in the bill is the lia-
bility of defendant on the draft, a copy of which was
served with the declaration.    The draft in question was
dated September 12, 1890, was drawn by Lindsay & Gam-
ble on E. J. Vance & Co., payable to the order of the
drawers, and was accepted by E. J. Vance & Co., payable
at the Bay City Bank.    It was indorsed as follows:
"Pay E. W. Leech & Co. or order, Lindsay & Gamble;
.E. W. Leech & Co." (in blank); and also: "Pay to the
order of W. O. Cliff, cashier, for collection, for account
of the Peninsular Savings Bank, Detroit, Mich.    J. B.
Moore, Cashier."

The case rested upon the testimony adduced by the
plaintiff, which tended to show that the defendant's firm,
at the date of the transactions in question, consisted of A.
G. Lindsay and Patrick M. Gamble, since deceased; that
Gamble was a member of all three firms,—of Lindsay &
Gamble, E. J. Vance & Co., and E. W. Leech & Co.;
that on the day of maturity of the draft, it was presented
for payment at the Bay City Bank; that payment was
refused, for the reason that there were no funds of E. J.
Vance & Co. in hand to pay with; that during the day
the attention of the bookkeeper of E. J. Vance & Co.,
Mr. Butts, was directed to the subject by the cashier of
the plaintiff.    For a statement of what followed, we quote
from the testimony given by Mr. Butts on the trial:

"I went to the bank, and told Mr. Young, the cashier
of the Bay City Bank, that it was paper that Lindsay &
Gamble should pay, and that I would have to make a
draft back on them to pay it with.    Mr. Young said he
would take a demand draft or a sight draft, if I would call
up Lindsay & Gamble, and have Mr. Lindsay say that he
would take care of it.    I then went to our office, and
called up Mr. Lindsay, and reminded him of this paper
94 MICH.—12.

coming due that they should pay. I asked him if he would take care of a demand draft, if I should make it, and he said, ' On demand is a pretty short time;' he hardly thought he would be able to take care of it. He asked me if I could not make it for a few days' time. I think he mentioned 10 days. I told him I hardly thought the bank would want to use a paper of that time, but, if I could make it at sight, that would give him three days' time to · pay it. ' Well,' he says, ' do the best you can.' I then went to the bank, and told the cashier that Lindsay & Gamble would take care of a sight draft. ` The bank officer said, ' All right;' that they would take it in payment of this paper.

"*Q.* That paid the paper.

"*A.* Yes, sir."

The circuit judge directed a verdict for defendant, and plaintiff brings error.

1. It is first insisted that the draft should not be treated as paid, but should be held good in the hands of the bank; and it is claimed that the case falls within that class in which it is held that payment by an indorser or other party to commercial paper, who, as between himself and the other parties to such paper, stands in the position of surety, does not necessarily render the paper *functus officio*, but that it may be again put afloat by the indorser. Daniel, Neg. Inst. § 1238, and cases cited. We think, however, the testimony in this case does not show an attempt on the part of Vance & Co. so to treat this paper. This draft, when presented, had a limited indorse-· ment, and the undoubted intention on the part of Vance & Co. was to pay and retire it, and the bank, in terms, accepted a sight draft, and agreed to make payment, and did in fact make payment. There was no intention on the part of either Vance & Co. or the officers of the bank that title should vest in the plaintiff. This is made further conclusively to appear by the fact that the bank charged the amount of the draft in question to the account of

Vance & Co., and credited the proceeds of the sight draft, and afterwards fixed the liability of Vance & Co. by protesting the sight draft. It is unnecessary, therefore, to decide whether Vance & Co. had the right to reissue the draft after payment by them, as no attempt to do so is shown. The circuit judge was right in holding that the draft was paid, and that no recovery could be had thereon.

2. The question of defendant's liability, under the money count, for money paid for his use, is more difficult of determination. The plaintiff's contention is that the transaction amounted to a payment by the bank of $2,000 upon a demand upon which the defendant was liable previously, and which it was the defendant's duty to pay, and which the bank did in fact pay at his request; and it is said that the fact that the defendant agreed to accept a draft for the amount, and that such agreement is void under How. Stat. § 1583, does not change the relations of the parties; that the right of action was complete when the money was advanced. There is much force in this contention. Indeed, it seems to us unanswerable, if it can be held that the transaction in question established any privity between the defendant and the bank. But a careful examination of the testimony discloses the fact that the defendant did not authorize Butts to speak for him. There is nothing in Butts' testimony which discloses that he was directed to ask any other than Vance & Co. to make payment of this draft. The testimony further shows that the plaintiff in fact accepted the sight draft of Vance & Co. on defendant, and credited this to the account of Vance & Co., and charged the time draft to them. Vance & Co. were liable to the bank, and the defendant was liable to Vance & Co. There is, therefore, this additional difficulty standing in the way of plaintiff's recovery here: Not only was the agreement to accept oral, but it was made to Vance & Co., and no authority to bind

defendant was given, except an oral promise to accept the sight draft.

It follows that there was no such privity of contract between the plaintiff and defendant as entitles the plaintiff to recover.

Judgment is affirmed, with costs.

The other Justices concurred.